*198 ORDER AFFIRMING FINAL EMPLOYMENT DECISION
KATHARINE ENGLISH, Chief Judge.
A. ISSUES PRESENTED:
Petitioner seeks judicial review of the Tribe’s decision to terminate his employment. Petitioner’s job was terminated after he brought back about $4,800 worth of the federal government’s equipment from the Tiller Complex fire in the summer of 2002. In his Petition for Judicial Review and in his briefing to this Court, Petitioner cites and relies on every possible legal basis for review. However, the essence of his claims appears to be: (1) that the Tribe’s decision was arbitrary and capricious because, in snagging extra equipment to bring back to the Tribe after a fire, he simply did what he and others had done in the past and he, thus, was unfairly singled out and blamed, and (2) that the Internal Review Board’s (IRB’s) decision was not supported by substantial evidence because it allegedly overlooked the evidence he presented to support that claim [1]
As explained below, the Court Affirms the Final Employment Decision in this case.
B. BACKGROUND:
This is in some respects a sad and tragic case. Petitioner worked for the Tribe for more than six years from April of 1996 to mid-September of 2002, and he was by all accounts a good employee and an excellent and dedicated firefighter. Petitioner describes the job he lost as being his “dream job” and the job he thought he would “retire from.” Unfortunately, Petitioner himself triggered the events that led to the loss of his job.
Those events are not subject to significant dispute in this case, although the import of the events has been hotly debated by the parties. Petitioner does not dispute that he took a large amount of extra equipment away from a fire in the summer of 2002, and that he brought it back to the Tribe. His point, instead, is that this was a common and accepted practice. At the IRB hearing, he presented the testimony of three witnesses, as well as two written submissions, indicating that others had taken material and equipment from fire sites, had brought it back, and considered that accepted practice and not theft. Nonetheless, at the conclusion of the IRB hearing, the panel determined that the Tribe was justified in terminating Petitioner’s job because he admitted taking the equipment from the fire and because the panel was not convinced that this was or had been an acceptable practice. *199 As noted, Petitioner seeks judicial review of that decision.[2]
C. STANDARD OF REVIEW:
The Tribe’s Employment Action Review Ordinance, Tribal Code section 255.5(d)(8), provides that the Court may reverse a Final Employment Decision, in whole or in part, if the employee’s substantial rights have been denied because the decision: (A) violates applicable provisions of the Tribal Constitution; (B) violates applicable provisions of Tribal law; (C) is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with applicable law; or (D) is not supported by substantial evidence on the record taken as a whole.
D. ANALYSIS:
As noted above. Petitioner cites and relies on each basis for judicial review of the Final Employment Decision made in his case. Nevertheless, it seems clear that the essence of his claim is (1) that the Tribe’s and the IRB’s decisions were arbitrary and capricious because he only did what he and others had done in the past,, and he was unfairly singled out for adverse treatment, and (2) that the IRB’s decision was not supported by substantial evidence because it overlooked the evidence he presented at the hearing. Petitioner also relies on the fact that he is a Tribal member.
The applicable standard of review “ ‘is narrow and the reviewing court may not substitute its judgment for that of the agency [or employer].’ ” In the Matter of Reyn Leno, Case No. C-99-10-001, at 6, quoting O'Keefe's, Inc. v. U.S. Consumer Product Safety Commission, 92 F.3d 940, 942 (9th Cir.1996). Under that narrow standard of review, a decision is arbitrary and capricious only if it tuns counter to the evidence or is “so implausible that it could not be ascribed to a difference in view.” In the Matter of Reyn Leno, at 6. That is, there must be a rational connection between the facts found and the decision made. Brandon v. Tribal Council for the Confederated Tribes of the Grand Ronde Community of Oregon, 18 ILR 6139, 6140 (1991). “ ‘Substantial evidence is such relevant evidence as reasonable minds might accept as adequate to support a conclusion even if it is possible to draw two inconsistent conclusions from the evidence.’ ” Moreland v. Spirit Mountain Casino, Case No. C-00-08-001, at 3, quoting Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir.1994) (citation omitted). See also Murray v. Laborers Union Local No. 324, 55 F.3d 1445, 1452 (9th Cir.1995) (same).
Applying that narrow standard of review leads directly to the conclusion that neither the Tribe nor the IRB acted arbitrarily or capriciously or abused its discretion, and that the IRB’s decision is supported by substantial evidence. Indubitably, Petitioner was an excellent firefighter and employee who had served long and well. Even when reviewing a cold, paper record—as the Court must in these cases—it is apparent that Petitioner’s supervisor hated to lose such a dedicated firefighter and employee as Petitioner. But that does not excuse the fact that Petitioner made off with a significant amount of equipment, owned by the federal government, and brought that equip *200 ment back to the Tribe, thus putting both himself and the Tribe at risk for some enforcement action, criminal or otherwise, taken on behalf of the United States.
Petitioner suggests that threat is no more than a speculative one. However, that decision is not one that he, or the Court, is entitled to make in the first instance. The Tribe and Petitioner’s supervisor thought the risk was real enough and the transgression serious enough to warrant returning the equipment to the fire site. And the employer’s assessment of the risk and of the seriousness of Petitioner’s conduct can be set aside only if the Court can say, in effect, that no reasonable employer would have made that assessment and taken the action that the employer took in this case. Here, the Court cannot reach any such conclusion. Perhaps another employer or another supervisor might have chosen to overlook Petitioner’s conduct or might have taken some other disciplinary action against him. At most, however, that may suggest the possibility of a “difference in view” that is not sufficient to permit the Court to intervene or to overturn the employer’s or the IRB’s decision.[3]
The fact that others might have taken equipment from fires in the past and brought it back to the Tribe, and that Petitioner had engaged in that conduct too, also does not have the determinative significance that Petitioner seeks to ascribe to it. First, it is not at all apparent from the record that others had made off with anything close to the amount (or the value) of the equipment that Petitioner took from the fire in the summer of 2002, Even Petitioner himself seems to have thought that he was “upping the ante,” although he believed that fact might win him praise, rather than disciplinary action. It may be one thing to replace damaged or destroyed equipment with new materiel or even to take some extra equipment, but it is another to use a fire cache as an outlet mall from which any amount of equipment can be freely taken.
Moreover, at all events, Petitioner committed this theft at his peril. Even if the employer tolerated some of this conduct in the past, that past benign neglect did not entitle Petitioner or anyone else to assume that policy (or lack of any policy) would continue. Taking almost $4,800 worth of fedei’al equipment clearly is a crime. An employer need not explain to every employee that the theft of significant amounts of property will not be tolerated. Any employer would be entitled to expect that fact would be obvious. Petitioner may have hoped that when he pushed the envelope by stealing more, he would at most be admonished and warned. And a reasonable employer might have taken that action. But again the Court cannot say that no reasonable employer, when confronted with $4,800 worth of misappropriated federal property, would not have decided to end the employment of the person who took the property without permission. Thus, the employer’s action was not arbitrary or capricious.
And the IRB’s decision was supported by substantial evidence. Because Petitioner’s taking of federal property appears to have represented a quantum leap in the scale of such takings, the witnesses who testified for him offered less direct support than he may believe. The evidence of his theft alone constituted “such relevant evidence as reasonable minds might accept as *201 adequate to support a conclusion” even if it might have been “possible to draw two inconsistent conclusions from the evidence.” Moreland, at 4 (internal quotation marks and citation omitted). Thus, the IRB did not err.
C. CONCLUSION:
In sum, although Petitioner was a valued employee and a dedicated and skilled firefighter, he simply took too much advantage of negligent inventory practices at fire sites and of what may have been the employer’s past indifference toward at least some exploitation of that negligence. Petitioner went too far, and the Court cannot say that the employer’s response was unreasonable. In this situation, the Court must and it does affirm.
This Order is a Final Order for purposes of appeal.

. In his Petition for Judicial Review, Petitioner challenges the impartiality of the IRB members. However, he appears to have abandoned that claim.

. Petitioner also was found to have left his fire crew on two nights and to have spent those nights off-site with his fiancée. At the ÍRB hearing, Petitioner explained that at the time his fiancee was experiencing a difficult pregnancy and he felt that he needed to be with her. The Court need not resolve or even wade into this debate because it seems clear that Petitioner’s job would not have been terminated for this transgression alone (if it was one) and because the IRB’s decision focuses on the allegation of theft .

. The Court implies no criticism of the employer's or the IRB’s decision. The point is that, short of an arbitrary or capricious decision, an abuse of discretion, a vioiation of applicable law, or a lack of substantial evidence, the decision is one to be made by the Tribe and the IRB, and not by the Court.